STATE, EX REL. HOLLAND *v.* WHITE, SPECIAL JUDGE.

[No. 2,182.    Filed July 21, 1896.    Rehearing denied Oct. 16, 1896.]

BILL OF EXCEPTIONS.—*Signature of Judge.*—*Mandamus.*— Ninety days' time was given for appellant to file bill of exceptions.   Two days before the expiration of said time appellant's counsel called to secure the signature of appellee, who as special judge had tried the cause, but appellee was absent from home at the time and did not return for several days thereafter.   Counsel for appellant thereupon caused the clerk to indorse on the bill of exceptions that the same had that day been presented for the signature of the judge, and the counsel took it but failed to present it for the judge's signature until nine months had elapsed, during all of which time the judge (appellee) was almost continuously at home.   The judge refused to sign the bill.   *Held*, in an action by appellant to mandate the judge that the judge properly refused to sign the bill of exceptions.

Original Action.  *Writ of Mandate Denied.*

*W. G. Houk,* for appellant.

*A. F. White,* for appellee.

REINHARD, J.—This is an original proceeding by the relator to obtain from this court a writ of mandate against the defendant, Ared F. White, as special judge of the Montgomery Circuit Court, commanding him as such special judge to sign a bill of exceptions in a cause tried by and before him in said court, and appealed to this court.  The facts as gathered from the pleadings appear to be that Judge White, who is the judge of the 47th judicial circuit and resides at Rockville, Parke county, was called as special judge of the Montgomery Circuit Court to try the case of John D. Holland v. William M. Davis and William L. Smith. The cause was tried on the 13th day of June, 1895, the

finding and judgment being for the defendants. There was a motion for a new trial which was overruled on the 19th day of June, 1895, and ninety days' time was given the plaintiff in which to prepare and file his bill of exceptions. The time for presenting the bill of exceptions expired on the 19th day of September, 1895. On the 17th day of September, 1895, the attorney for the plaintiff in said cause went to Rockville, the home of Judge White, to present to him the bill of exceptions, when he learned that said judge had left the town and State, and would not return for several days, and until after the expiration of the time for filing said bill. Said attorney thereupon caused the clerk of the Parke Circuit Court to enter notice on the back of the bill of exceptions prepared by him that the same was on that day presented for the signature of said judge.

The record containing the draft of said bill of exceptions was then immediately withdrawn from the custody of the clerk of the Parke Circuit Court and taken away by said attorney. On Sunday, the 14th day of June, 1896, the said attorney for the first time presented said bill of exceptions to Judge White and requested him to sign the same as if it had been presented to him on the 17th day of September, 1895. The judge retained the paper until the 16th day of June, 1896, when he returned it to said attorney with the statement that he would not sign it as requested. The sworn statement of the attorney accompanying this application says that the defendant, Holland, was then a poor man and in bad health and unable to work most of the time since the trial, his labor being his only means of obtaining money to procure said bill of exceptions; that the said record was very voluminous, being made so by the improper admission in evidence by said judge in the trial of said cause of divers

lengthy documents, thus rendering the expense of said records very heavy, for which reasons he was unable to have said bill of exceptions ready to present to said judge until the 17th day of September, 1895. No reason is given for the failure of said attorney to visit Judge White and to present said bill to him when the latter returned to his home or within a reasonable time after the occurrence in the clerk's office at Rockville, or for the failure to leave the same at Rockville. Judge White states in his answer to the application that he knew nothing of any attempt or effort to present any bill of exceptions to him until the 14th day of June, 1896, the time when said attorney came to him and requested him to sign said bill, and to date the presentation back to September 17, 1895; that he then asked said attorney the cause of the delay in the presentation thereof for a period of nearly nine months after the time for filing it had expired, and that said attorney gave as a reason that the stenographer required him to bring the bill back with him from Rockville on the said 17th day of September, 1895, because she wanted it to remain in her possession until her fees were paid in full; that at no time did plaintiff or his counsel ever notify him that the bill would be or was being prepared, or that on any particular day plaintiff or his counsel would require the judge's presence at his home or elsewhere to settle and sign such bill; that the judge was almost continuously at his home in Rockville, which is about 28 miles from Crawfordsville, where said trial was had, until the 16th day of September, 1895, when he left the State for a few days and returned on the 21st day of said month, having been absent about five or six days; that he has remained continuously in this State since then, and has been at Rockville almost all of said time, having during said time held three terms of

the Parke Circuit Court, but that said bill was not presented to him until June 14, 1896, as aforesaid.

Under these circumstances it is hardly necessary to state that the relator has shown no diligence whatever to comply with the order of the court in the presentation of the bill of exceptions. Assuming without deciding that the plaintiff's financial inability to procure the record sooner constituted a valid excuse for delaying the presentation of the draft of the bill to the judge up to within two days of the expiration of the time given for presenting the same, the attorney was at fault in not leaving the document either at the residence of the judge, or with the clerk of the Parke Circuit Court with the request that it be presented to Judge White upon his return to Rockville. Instead of pursuing some such course as this he took the paper away with him and retained it for nearly nine months without ever making a single effort to have the same signed during that period. It appears to us that this delay is inexcusable. Had the judge signed the bill at the time he was finally requested to do so and dated the presentation thereof back to the 17th day of September, 1895, and that fact were made to appear, we should be compelled, on motion of the appellee, to strike the bill of exceptions from the files or proceed as if no such bill had ever been filed. To compel the judge now by the mandate of this court to sign the bill would be both unprecedented and unwarranted. If it be true that the cost of the record was unnecessarily increased by the illegal admission of documentary evidence so that the relator, who is poor, and was in ill-health, was unable to procure the same from the stenographer at an earlier date, it is a misfortune for which the law does not furnish such a remedy as he invokes here. As already observed, if the relator or his attorney had left the draft of the

bill of exceptions at Judge White's home or office or with the clerk of the Parke Circuit Court before the time given for presenting the same had expired, with directions to deliver to the judge, the case might be different. We think Judge White very properly refused to sign the bill when it was presented to him.

The prayer of the petition for the writ is therefore denied, at the cost of the relator, John D. Holland.